## Seiler et al. v. Macomber

*Raspin, Espenshade & Heins,* for complainants.
*M. Feldman,* for respondent.

FLOOD, J., December 5, 1946.—At the hearing on their application plaintiffs made out a case entitling them to a preliminary injunction. Defendant executed a contract binding him not to compete with plaintiffs, within a year after the termination of his employment

with them, over the route which he had served for them with respect to the customers whom he had served on their account. He was discharged on June 29, 1946, and he has since served customers along the route which he traveled for plaintiffs with products of the same kind sold by plaintiffs. They are therefore prima facie entitled to an injunction restraining him from selling to any of their customers within the one-year period from June 29, 1946. Neither the territory covered nor the time period provided for in the contract is unreasonable and therefore equity will enforce the contract if defendant has breached it.

At the time of defendant's discharge he was paid the full amount due him. In August 1946, however, the union contract under which defendant was operating was changed and as a result thereof defendant became entitled to certain retroactive pay from April 15, 1946. This has never been paid to him. At the time of his discharge, plaintiffs were in no sense in default under the contract. They had paid him all that was then due. Therefore he cannot defend upon the fact that they had breached the contract. But he raises the issue that they come into equity with dirty hands because they have never paid him the amount which subsequently became due. They reply that an overcharge was made by defendant against one of their customers shortly before his discharge and they fear that there might have been other overcharges made as to which they might have to reimburse their customers and they are holding the retroactive pay as security against such possible liability. They give no evidence that they have had to reimburse any customer or that any additional claims have been made against them although over five months have passed since defendant was discharged.

This is not such a state of facts as would prevent plaintiffs from obtaining injunctive relief under the contract. On the other hand, in view of the fact that

no claims have been made against plaintiffs, it appears to me the retroactive pay is due defendant at this time. While, therefore, I do not withhold an injunction be-cause this money has not been paid, I am inserting a proviso that if it is not paid over within the next two weeks, defendant may apply to have the injunction dissolved. Unless at that time plaintiffs produce proof of some set-off or other valid claim as against this amount due, or pay it, the injunction will be dissolved upon defendant's application.